IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17CV733

| | | |
|---|---|---|
| SNEED PLLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| GEA, INC., LESLIE PAUL FARKAS, | ) | |
| VALARIA DEVINE, and SSV4 LIMITED | ) | |
| PARTNERSHIP, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court upon Defendants' Motions to Quash Portion of Subpoenas Duces Tecum served on Defendants' banks pursuant to Fed. R. Civ. P. 45(d)(3), and Motion for Protective Order pursuant to Rule 26(c). Plaintiff has filed a brief in opposition. Defendants have not filed a Reply and the time for doing so has expired. Accordingly, this matter is ripe for disposition.

Plaintiff seeks to obtain a money judgment against Defendants for their alleged breach of contract in failing to pay attorney's fees. In addition, Plaintiff has alleged a claim for Fraudulent or Voidable Transfer of real estate under N.C. Gen. Stat.§ 39.23 *et seq*. and seeks to void an alleged fraudulent transfer of real property. Defendants are either non-residents of North Carolina or foreign companies.

Based upon the allegations in the Joint Answer and attached documents, Plaintiff served subpoenas on Wells Fargo and First Tennessee Bank seeking information that would refute the

1

defenses asserted and/or garner information that would support Plaintiff's claim under the North Carolina Voidable Transfer Act. Defendants seek to quash the subpoenas.[1]

Generally, a party lacks standing to challenge a subpoena issued to a nonparty. *In Re C.R. Bard, Inc. Pelvic Repair Sys. Prod. Liab. Litig.*, 287 F.R.D. 377, 382 (S.D. W. Va. July 12, 2012). However, where the challenging party has moved for a protective order, the court is permitted to consider its position on the merits. *EEOC v. Bojangles Restaurants, Inc*., No. 5:16-CV-654, 2017 WL 2889493, at *4 (E.D.N.C. July 6, 2017); *Brown v. Mountainview Cutters, LLC*, No. 7:15-CV-204, 2016 WL 3045349, at *2 (W.D. Va. May 27, 2016) ("[E]ven if the court could find that [the movant] did not have standing to quash the subpoenas under Rule 45 of the Federal Rules of Civil Procedure, she would still have standing under Rule 26 to challenge the subpoenas as irrelevant and overboard."); *HDSherer LLC v. Natural Molecular Testing Corp*., 292 F.R.D. 305, 307 (D.S.C. 2013) ("Ordinarily, a party does not have standing to challenge a subpoena issued to an nonparty unless the party claims some personal right or privilege in the information sought by the subpoena…Notably, however, Defendant has also made a motion for a protective order under Rule 26; therefore, Defendant has standing to challenge the subpoenas under Rule 26 standards, regardless of whether [it has] standing to bring a motion to quash under Rule 45.") (citations omitted).

Defendants have not established that they have standing to quash the subpoenas under Rule 45, and are therefore limited to challenging the subpoenas under Rule 26.

Rule 26 of the Federal Rules of Civil Procedure provides that:

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the

---

[1] Plaintiff has agreed to withdraw the request contained in Item 5 of the subpoenas duces tecum and has contacted both Wells Fargo and First Tennessee to advise them of the withdrawal of Item 5.

2

importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). Pursuant to Rule 26(c)(1), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense."

Defendants contend that the information sought in each subpoenas duces tecum is overly broad and seeks information that is not relevant to any of the issues in the claim or defenses. The Court disagrees. The documents sought from Wells Fargo and First Tennessee are directly relevant to the lawsuit and the defenses asserted by Defendants. In fact, Plaintiff's subpoena requests arise directly from the documents attached to the Answer filed by the *pro se* Defendants.[2] Plaintiff is merely seeking information from these banks regarding the accounts on which Defendants base their defenses. Thus, the documents requested are highly relevant and necessary for Plaintiff in prosecuting this action. The items requested are limited to the relevant time period at issue in this matter. The p*ro se* Defendants contend in their Answer that the loans used to purchase the real property at issue were made in February/March of 2016 and the bank records attached to their Answer used to support this content reflect transactions made in early 2016. Thus, a request for records from January 1, 2016 forward is not overly broad or outside the relevant time period.

The Court finds that the documents requested in the subpoenas are relevant and proportional to the case at hand. Accordingly,

IT IS THEREFORE ORDERED that Defendants' Motions to Quash and for a Protective Order are DENIED.

---

[2] These Defendants are now represented by counsel.

Signed: August 29, 2018

*Graham C. Mullen*
Graham C. Mullen
United States District Judge